IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ADJABENG HAYFORD, | |
| Petitioner, | CIVIL ACTION NO.: 5:25-cv-48 |
| v. | |
| WARDEN, FOLKSTON ICE PROCESSING CENTER, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

Petitioner Adjabeng Hayford ("Hayford"), who was incarcerated at the Folkston Immigration and Customs Enforcement ("ICE") Processing Center in Folkston, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas, as amended. Docs. 1, 3. Respondent filed a Motion to Dismiss, and Hayford filed a Response. Docs. 8, 9, 11. Hayford also submitted several items that have been docketed as Motions. Docs. 10, 12, 13, 15, 19, 20. For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Hayford's Amended Petition, and **DENY as moot** all of Hayford's pending Motions. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Hayford leave to appeal *in forma pauperis*.

## BACKGROUND

Hayford contends that he has been detained for eight months due to pending charges in South Carolina and that the immigration judge has denied Hayford bond based on the pending state charges. Doc. 1 at 6. Hayford asks this Court to order his release from ICE's custody or a bond. Id. at 7; Doc. 3 at 7.

Respondent states that Hayford is being lawfully detained under 8 U.S.C. § 1226(a)(2) and (c).  Respondent also states that Hayford has asked an immigration judge on two occasions to review his custody, and the immigration judge has twice denied Hayford bond because he could not meet his burden at the hearings.  Doc. 8 at 6.  Thus, Respondent maintains the decisions not to grant Hayford bond are not reviewable by this Court under 8 U.S.C. § 1226(e).  In addition, Respondent contends, to the extent Hayford is challenging his removal, he cannot do so in a district court via § 2241.[1]  Id. at 7–8.

## DISCUSSION

**I.      This Court Lacks Jurisdiction to Review the Immigration Judge's Discretionary Determination to Deny Bond**

Section 236(c) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a), provides that, upon the Attorney General's warrant, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."  During the pendency of this decision, the Attorney General may detain the alien or release the alien on bond or conditional parole.  § 1226(a).  In addition,

> The Attorney General's discretionary judgment regarding the application of [§ 1226] shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

28 U.S.C. § 1226(e).  In other words, "§ 1226(e) precludes an alien from 'challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release.'"  Jennings v. Rodriguez, 583 U.S. 281, 295 (2018)

---

[1]      While Hayford filed a Response to the Motion to Dismiss, doc. 9, this filing is not responsive to the Motion.  Hayford's Response—like many of his filings—is difficult to decipher and seems to take a scattershot approach.  At some points, Hayford seems to complain about his state court proceedings.  Id.  At other points, Hayford invokes inapplicable legal doctrines and authority and, occasionally, makes what appear to be "sovereign citizen" arguments.  Ultimately, Hayford does not address the merits of the Motion to Dismiss in his Response.

(quoting Demore v. Kim, 538 U.S. 510, 516 (2003)).  In cases where an alien is detained, he can seek review of that detention with DHS and then by an immigration judge and can "secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community."  Nielsen v. Preap, 586 U.S. 392, 397 (2019) (citing 8 C.F.R. §§ 236.1(c)(8), (d)(1), 1003.19(a), 1236.1(d), and then citing Matter of Guerra, 24 I. & N. Dec. 37 (BIA 2006))).

Hayford was admitted as a conditional lawful permanent resident on April 29, 2017. Doc. 8-1 at 1.  Hayford filed a petition to remove conditions on residence in April 2019, and he later requested this petition be converted to a good-faith marriage petition based on his divorce. Id.  In 2020, Hayford was charged with two counts of attempted murder and possession of a firearm during the commission of a violent crime in the State of South Carolina.  Id.  United States Customs and Immigration Service ("USCIS") denied Hayford's petition in 2024 after a finding that Hayford could not demonstrate a bona fide marriage and there was evidence of fraud.  Id.  Later in 2024, ICE, Enforcement and Removal Operations ("ERO") served Hayford with a notice to appear, charging him with removability under 8 U.S.C. § 1227(a)(1)(D)(i).  Id. at 2.  Hayford requested a custody redetermination and appeared, with counsel, before an immigration judge on November 1, 2024.  The immigration judge denied bond after finding Hayford failed to show he was not a danger to the community based on his pending criminal charges.  Id.  An immigration judge denied Hayford's second request for bond redetermination on May 13, 2025, based on no change in circumstance.  Id.  Hayford admitted to and conceded removability at a master calendar hearing in January 2025 and, after a few continuances, an immigration judge denied Hayford relief and ordered him removed on July 25, 2025.  Id. & at

119–37.  Based on the information before this Court, Hayford may have appealed that decision, and his appeal remains pending.[2]  Id. at 2.

The immigration judge's initial decision to deny Hayford bond was based on his finding that Hayford did not establish he is not a danger to society based on his pending criminal charges, doc. 8-1 at 78, and was within the discretion afforded under § 1226(a).  And the immigration judge's determination that Hayford was not entitled to a change in custody status based on there being no change in circumstance since the initial denial of bond is also within the discretion afforded under § 1226(a).  Id. at 81.  This Court cannot review these decisions by the immigration judge due to § 1226(e).  Hayford does not assert any other cognizable claim related to his detention.  The Court should **GRANT** Respondent's Motion to Dismiss and **DENY** Hayford's Petition.  It is unnecessary to address the alternative ground of Respondent's Motion.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Hayford leave to appeal *in forma pauperis*.  Though Hayford has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United

---

[2]    As of July 28, 2025, Hayford had not filed an appeal but had until August 25, 2025, to do so. Doc. 8-1 at 2–3.  The Court has no further information on this matter.

States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of the filings in this case, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Hayford *in forma pauperis* status on appeal.

### CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, doc. 8, **DISMISS** Hayford's Amended Petition, docs. 1, 3, and **DENY as moot** Hayford's Motions, docs. 10, 12, 13, 15, 19, 21. I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Hayford leave to appeal *in forma* pauperis.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 26th day of February, 2026.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA